(1 App. Div. 113.)

In re TRACY.

(Supreme Court, Appellate Division, First Department.    January 24, 1896.)

ATTORNEY AND CLIENT—COLLECTIONS ON PERCENTAGE—PARTIAL PAYMENTS.
    An attorney who takes a claim on a contingent fee of 20 per cent. of the recovery is entitled, on settling the claim for a certain amount cash, and the balance in secured notes of the debtor, to retain only 20 per cent. of the cash payment, though he voluntarily turns over to his client the notes and securities; he having no right to retain the balance of the cash either in payment or as security for any sum he will be entitled to on payment of the notes.

Appeal from special term, New York county.

Summary proceeding to compel Rollin Tracy, an attorney, to pay a certain sum to his client, Livingston Jaques. From an order directing the payment, the attorney appeals. Affirmed.

On April 6, 1893, the petitioner, Livingston Jaques, placed with Rollin Tracy, the appellant, a claim against one Hollins for collection. At this time he paid appellant $50 on account of prospective disbursements. The receipt therefor reads as follows:

"April 6th, 1893.

"In Re Livingston Jaques vs. Hollins.

"Received, on account of disbursements, $50, in this case; and Mr. Jaques is to advance funds necessary for disbursements as same may be needed, and aid with his advice and knowledge of facts; and, in the case of recovery, I am to have 20 per cent. of the recovery, and, in case of no recovery, no pay.

"Rollin Tracy."

Appellant on April 13, 1893, obtained from Hollins, in settlement, a cash payment, and the delivery of four notes secured by collateral. In February, 1895, after numerous demands for information, petitioner obtained from appellant an admission that $1,547.28 had been collected. The order appealed from directs payment of 80 per cent. of this amount, less $400 already paid to petitioner. The appellant claims that the relation of client and attorney at law did not exist between himself and petitioner; also, that he was entitled to retain the money collected as security for his commission on the unpaid balance of the claim; also, that the amount in his hands was subject to a counterclaim for prior services and disbursements in another matter.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and WILLIAMS, JJ.

Charles Duane Baker, for appellant.
William H. Sage, for respondent.

BARRETT, J. It is clear that the relation between the parties was that of attorney and client. Mr. Jaques sought the services of a lawyer, and not of a mere collecting agent. The receipt plainly indicates the understanding, and all the facts point to the professional relation. It is equally clear that the attorney was entitled to his percentage only upon the amount collected, and the petitioner was entitled to a settlement on that basis, from time to time, as collections were made. Otherwise he might have been compelled to wait years for his money,—as long, in fact, as the attorney should insist that there was a chance of collecting anything more. It is true that, before the commencement of this proceeding, the attorney voluntarily turned over to the petitioner the notes and collateral, but this in no way alters the latter's right to payment. Conceding that the former had a lien thereon, surrendering it does not affect the petitioner's right to 80 per cent. of the sums previously collected, nor does it affect the attorney's right to 20 per cent. of such sums as may hereafter be collected by the respondent.

As to the counterclaim, we think the attorney has wholly failed to make out a case. This counterclaim rests upon the unsupported statement of the attorney. We cannot, in this connection, overlook the fact that the attorney's course with regard to the subject of the application was anything but straightforward. His credibility is thus weakened. When, therefore, we find that this counterclaim

was not made at a time when, if just, it would have been natural to assert it, that it is fully denied, and that such denial is not only credible in itself, but is corroborated in various particulars by disinterested witnesses, we cannot but conclude that it is an afterthought, that it is without merit, and that it is put forward merely to delay and obstruct the respondent in his effort to secure payment of what is clearly due him.    The petitioner was bound to make out a clear case against the attorney (In re Knapp, 85 N. Y. 284), and he has done so.    To prevent the exercise of the court's summary power in dealing with such a case, the attorney was required to do something more than make assertions by way of counterclaim.    These assertions should at least have been sufficiently supported to call for more formal investigation.    The client should not be required, under such circumstances as these, to spend time and money in collecting from the attorney that to which, upon his side of the case, he is plainly entitled (Bank v. Todd, 52 N. Y. 489; Waterbury v. Eldridge [Sup.] 5 N. Y. Supp. 324), and against which there is no well-founded or substantial offset.

The order appealed from should be affirmed, with $10 costs and the disbursements of the appeal.    All concur.