FARMERS' LOAN & TRUST CO. v. NEW YORK RYS. CO. et al.

(Circuit Court of Appeals, Second Circuit. May 26, 1914.)

No. 235.

RAILROADS (§ 199*)—FORECLOSURE OF MORTGAGES—COUNSEL FEES.

> Where the property of a railroad company sold on foreclosure realized a surplus above the mortgage debt, the court properly refused to award counsel for a holder of the bonds which, as trustee, held a subordinate lien thereon and was interested with complainant, a fee out of the fund generally which would require the company to pay it, but left him to his statutory lien on that portion of the fund belonging to his clients.

> [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 664; Dec. Dig. § 199.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Farmers' Loan & Trust Company against the New York Railways Company and the Central Park, North & East River Railroad Company and others. Appeal from an order relating to counsel fees. Affirmed.

See, also, 181 Fed. 595.

J. O. Nichols, of New York City, for appellant.

Chase Mellen, of New York City, for receiver Central Park, N. & E. R. R. Co.

Henry L. Stimson, of New York City, for Bronson Winthrop.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This is a proceeding to determine whether the fee of Bronson Winthrop, Esq., for legal services in connection with the foreclosure of the Central Park, North & East River Railroad Company shall be paid by the bondholders or out of the surplus proceeds going to the receiver of the railroad company.

The very unusual situation is presented of a surplus upon foreclosure of a railroad mortgage. Mr. Winthrop was not acting for the complainant, but for the Morton Trust Company, which as trustee was the holder of all the bonds secured by the mortgage which the complainant was seeking to foreclose. The interest of the Morton Trust Company was, like that of the complainant, to defeat the efforts of the Central Park Company to prevent foreclosure. It was a defendant not as owner of the bonds but by virtue of holding a subordinate lien. Mr. Taylor, the special master awarded Mr. Winthrop a fee of $500 out of the fund for his services on the practice side of filing an answer and aiding the machinery of foreclosure. He fixed the sum of $20,-000 as compensation for his general services, but held that they must be paid by his client, that is, out of the share coming to the bond holders. This was giving effect to his lien as an attorney upon the proceeds of his client's cause of action in the hands of the court. Such a lien is conferred by the state of New York, Judiciary Law (Consol.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Laws, c. 30), § 475. Although there was no special agreement of employment, the Morton Trust Company was perfectly aware of the services rendered, and took the benefit of them, which is quite as effective. When Mr. Winthrop said in his letter of March 11, 1912, to the chairman of the joint committee on reorganization that the compensation then agreed on did "not include such allowances as may be awarded to me by the court for my services in that [the foreclosure] action," he was contemplating the property selling for less than the mortgage, which may be said to be universally the case in railroad foreclosures. If in such a case the court had awarded him a fee out of the fund, it would have been paid by the bondholders because the whole fund would go to them. There being a surplus, we think it would be inequitable to charge the fee on the fund, because the effect of so doing would be to make the Central Park Company pay it.

The order is affirmed.