JOHN B. CORCORAN and WILLIAM H. CORCORAN, Respondents, *v.* GEORGE KELLOGG STRUCTURAL COMPANY, Defendant. Impleaded with GEORGE NUNZ, Appellant.

Fourth Department, July 3, 1917.

**Attorney and client — right of client to settle with adversary after judgment recovered — rights of attorney under contract entitling him to percentage of recovery — tender by client of one-half of settlement and taxable costs and payment thereof into court.**

Notwithstanding a contract of retainer between attorney and client giving the former a certain percentage of any recovery, the client retains complete control of the litigation, and he may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney and settle with his adversary as he thinks best, and in such case the attorney may recover only the reasonable value of the services rendered.

The above rule obtains as well after the client's claim has ripened into judgment as before.

Thus, although an attorney having a right to one-half of any recovery under his contract of retainer had recovered judgment for his client, and an appeal therefrom was pending, the client had a right to settle with the defendant in that action for an amount less than the judgment recovered and the attorney was only entitled to half the amount for which settlement was made, together with the taxable costs.

A judgment for the attorney for half the amount of the verdict recovered will be reversed, where the client after the settlement for a less amount, tendered one-half thereof together with taxable costs to the attorney and on his refusal to accept it paid the same into court.

Evidence examined, and *held*, not to show any fraudulent intent on the part of the client in settling the action for a less amount than the judgment recovered.

APPEAL by the defendant, George Nunz, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 4th day of January, 1917, upon the decision of the court after a trial at an Equity Term adjudging that plaintiffs recover of the defendants, or either of them, their lien as attorneys upon a judgment entered in the action of George Nunz against George Kellogg Structural Company for $3,136.38, damages and costs, entered in Erie county clerk's office on the 25th day of February, 1914, and further adjudging that the amount of plaintiffs' said lien is $1,500 and costs, and further adjudging that the satisfaction of the judgment given by George Nunz to the defendant George Kellogg Structural Company be vacated and set aside and plaintiffs have execution for the entire amount of their said lien after deducting certain moneys paid into court by the defendant George Kellogg Structural Company.

*Hoyt & Spratt [Howard R. Sturtevant* of counsel], for the appellant.

*Corcoran & Corcoran [W. H. Corcoran* of counsel], for the respondents.

FOOTE, J.:

This appeal presents the question as to the right of the plaintiff in a personal injury case to discharge his attorneys and settle with the defendant and release the judgment pending an appeal by the defendant in disregard of the attorneys' contract for a contingent fee of one-half the amount recovered

or realized upon settlement. The judgment already recovered was for $3,000 damages. The settlement was for less than half that sum, and it has been held that notwithstanding the settlement the attorneys are still entitled to $1,500 and the taxable costs for their services, and their client being insolvent that they are entitled to have the satisfaction of judgment canceled and to collect these amounts by execution from the defendant, less $989.73 tendered to plaintiffs by defendant before the trial and paid into court for plaintiffs.

Defendant Nunz, who was the plaintiff in the personal injury action, while the appeal was pending, on his own initiative, employed another attorney and effected a settlement, which, so far as appears, was entirely satisfactory to him, by which he received $650 in money, and an agreement by the defendant to pay $650 to the plaintiffs, as attorneys, together with $136.38, plaintiffs' costs taxed in the judgment, and $20, the accrued costs on the appeal. Upon receiving the $650 said Nunz executed a satisfaction of the judgment, signed a stipulation consenting to the substitution of another attorney, and also a stipulation for the discontinuance of the appeal. The amount payable to plaintiffs as Nunz' attorneys by the terms of this settlement, $989.73, was thereupon tendered by defendant to the attorneys, who refused to accept it, claiming to be entitled to the taxable costs and $1,500 as one-half the judgment. Thereupon the attorneys brought this action to recover from the defendant, appellant, and from their client, George Nunz, the sums so claimed by them. Nunz did not defend the action.

No proof was given at the trial as to the reasonable value of the plaintiffs' services. The recovery has been upon the basis of the contract as fixing the amount.

It is now definitely settled in this State that notwithstanding such a contract between attorney and client, the client retains complete control of the litigation, and that he may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney and settle with his adversary as he thinks best, and in such a case the attorney may recover only the reasonable value of the services which he has rendered. (*Martin* v. *Camp*, 219 N. Y. 170; *Matter of City of New York*, Id. 192.)

This right of the client to settle exists as well after his claim has ripened into judgment as before. (*Lee* v. *Vacuum Oil Co.*, 126 N. Y. 579; *Poole* v. *Belcha*, 131 id. 200.)

Because of the peculiar relation of trust and confidence existing between attorney and client, the law implies that contracts between them are made upon the basis of the right of the client to control his case and settle it as he pleases without liability to the attorney beyond the fair and reasonable value of the services rendered by him. (*Andrewes* v. *Haas*, 214 N. Y. 255.)

These principles were not applied in this case. The end of the litigation had not been reached. Plaintiffs' contract rights were not only subject to the client's control of the case but also to the vicissitudes of the case in its further progress on appeal. Nevertheless, the decision proceeds upon the theory that plaintiffs had a vested right to one-half the judgment and that of this they could not be deprived by any settlement to which they did not consent.

To sustain this judgment plaintiffs rely upon the cases which have arisen under section 475 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35), which gives the attorney a lien upon his client's cause of action and upon the judgment for his compensation, whether resting upon contract or upon *quantum meruit*. Among these cases are:

*Bailey* v. *Murphy* (136 N. Y. 50), where a settlement was made for less than the amount of the recovery and a satisfaction piece executed without the knowledge of the attorney and with no provision for his payment, and where the plaintiff, who was wholly irresponsible, immediately thereafter absconded.

*Matter of Regan* (167 N. Y. 338), where the surrogate vacated the satisfaction of a decree to protect the lien of the attorneys where the executor had paid over funds to the distributees by collusion, and the attorneys having recovered judgment against the distributees for their services were unable to collect it.

*Matter of King* (168 N. Y. 53), which was a proceeding to enforce an attorney's lien upon securities in the hands of a foreign trustee recovered in litigation of which the attorney

had charge and the questions were whether the attorney had waived his lien, and if not, whether it could be asserted against securities in the hands of a foreign trustee.    And

*Sargent* v. *McLeod* (209 N. Y. 360), where it was held that a defendant having knowledge of the lien of an attorney under section 475 of the Judiciary Law may not disregard it upon settlement with the plaintiff and part with the entire fund.    He is bound to retain, and the law conclusively assumes he has retained, sufficient to pay the sum which the attorney is entitled to receive.

These cases would be helpful to plaintiffs if upon the settlement the whole fund had been paid over to Nunz and he was not of sufficient responsibility to respond to plaintiffs for the amount due them.    The rule of those cases was not disregarded by the defendant here, but was followed by the retention of the fifty per cent of the amount paid in settlement which would be the amount due them according to their contract, provided their client had the right to determine that such a settlement should be made.

The attorneys rely upon the contract alone as fixing the amount of their compensation.    It was a part of this contract, as the law implies, that the client could make such settlement of his case as he wished and considered for his interest, in spite of the objection of the attorneys or without consulting them. The amount of the recovery or settlement mentioned in the contract thus became not the amount of the verdict and judgment, but the amount realized from the settlement.    It follows that plaintiffs cannot recover upon the contract more than one-half the latter amount and the taxable costs.    It is conceded, or not questioned, that the $989.73, tendered to plaintiffs and paid into court for them is one-half the amount of the settlement and all the taxable costs.    As this amount is held by the county treasurer for plaintiffs and may be accepted by them at any time, there should have been no recovery at the trial.

What has already been said is upon the theory that the settlement as made was an honest one, without fraud practiced upon Nunz or collusion between him and defendant to defraud plaintiffs of compensation to which they were justly entitled, or their attorneys' lien upon the judgment.

The complaint is drawn upon the theory that the only consideration received by Nunz on the settlement was the $650 paid to him. It alleges that defendant and Nunz " entered into a secret agreement for the purpose of defrauding these plaintiffs of their lien upon the judgment * * * to compromise and settle said judgment for the sum of $650." Also, " That said settlement was made * * * without the knowledge and consent of the plaintiffs herein and for the purpose of cheating plaintiffs of their fees to which they were and are entitled under their contract with the said George Nunz hereinbefore set forth."

Before this complaint was prepared plaintiffs had been advised by letter from defendant's attorneys of the terms of the settlement and that it was part thereof that the defendant company was to pay plaintiffs' fees and asking for a statement of the amount they claimed.

No evidence was given to sustain these allegations of the complaint. On the contrary, it appeared without dispute that Nunz himself was the moving party in bringing about the settlement and that his motive was to end the litigation and get some money for immediate use in a business in which he wished to embark. He was aware that plaintiffs were opposed to his making a settlement for less than the amount of the judgment. Plaintiffs, however, contended that the settlement was collusive because made without their knowledge and that it operated as a fraud upon them because they were entitled under their contract to the full sum of $1,500, being one-half the amount of the judgment, and no provision was made for its payment and Nunz had not sufficient property to pay it.

At the conclusion of the trial the court stated in substance that the facts were not in dispute and that only a question of law was presented as to the extent of the attorneys' lien upon the judgment. Nevertheless, the court found as facts that a motion which Nunz made at Special Term through another attorney before the settlement to be permitted to compromise the judgment and to fix the compensation to which plaintiffs were entitled was not made in good faith, but by the defendant George Nunz for the purpose of defrauding and depriving

plaintiffs of their just dues under their contract with said George Nunz; also that the defendants Nunz and George Kellogg Structural Company " entered into a secret agreement, whereby plaintiffs were wrongfully deprived of their rights pursuant to said contract with said George Nunz and their lien upon the judgment  *  *  *  and agreed to compromise and settle said judgment for the sum of Six hundred fifty Dollars ($650) and a like sum to be paid to the plaintiffs herein.  *  *  *  That said settlement was made *  *  *  without the knowledge and consent of plaintiffs herein and for the purpose of wrongfully depriving plaintiffs of their fees as agreed upon between plaintiffs and said George Nunz."

In view of the absence of evidence of any fraudulent intent by either party to the settlement, these findings of fact must have been based upon plaintiffs' claim that the settlement operated legally as a fraud upon them by depriving them of their lien upon the judgment for the full amount they claimed. As such was not the case, the findings were without support in the evidence, and must be disapproved.

The judgment must be reversed and the complaint dismissed, with costs.

All concurred.

Judgment reversed and complaint dismissed, with costs. Findings disapproved in accordance with the opinion.