JAMES A. LEARY and WALTER A. FULLERTON, as Copartners Doing Business under the Firm Name and Style of LEARY & FULLERTON, Appellants, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, May 8, 1918.

**Attorney and client — suit to enforce attorney's lien — pleading — answer alleging change of administration of decedent's estate — demurrer.**

Where the plaintiffs, attorneys at law, sue to enforce a lien for professional services rendered as attorneys for the plaintiff in a negligence action against the defendant which the defendant, having notice of the lien, had settled by payment to the decedent's administratrix, it is no defense to allege that the administratrix who originally brought the action has resigned and the administratrix to whom the payment was made had been appointed in her place, and that there had been no substitution of parties plaintiff in the action. This, because it is immaterial who was the personal representative of the decedent at the time of settlement.

APPEAL by the plaintiffs, James A. Leary and another, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 1st day of February, 1918, overruling their demurrer to a separate defense set up in the answer.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellants.

*Visscher, Whalen & Austin,* for the respondent.

JOHN M. KELLOGG, P. J.:

Plaintiffs, as attorneys for the administratrix of one Mongone, brought an action against the defendant to recover damages for the death of the intestate, which was alleged to have been caused by defendant's negligence. Under an agreement with the estate plaintiffs were to receive for their services fifty per cent of the amount recovered or realized in the settlement, in addition to costs. The complaint and answer in said action had been served, and the defendant, as plaintiffs allege, knowing the plaintiffs' lien, settled with the estate, paying it

$1,000 damages and taking a release of said cause of action, and that said settlement was wrongfully made to deprive them of their just lien on said cause of action, and that the plaintiff in said action was irresponsible and the plaintiffs could not recover their compensation from her, and they ask to have their lien determined and paid.

The answer contains several denials and alleges, as a defense, that the administratrix who brought the action to recover for the death had duly resigned and Mary F. Mondello had been duly appointed administratrix in her place, and that the defendant had paid to Mary F. Mondello $1,000 in settlement and compromise of any cause of action on account of the death of said Mongone, and had received her discharge therefor, and that said payment was made in good faith and said Mondello had not been substituted as a party plaintiff in said action.

Reading this alleged defense with the complaint, it appears that the estate had brought an action to recover for the death, and that the attorneys bringing the action, to the knowledge of the defendant, had a lien on the said cause of action, and any settlement made, for their services, and that the defendant had settled said cause of action and paid the estate $1,000 in disregard of the plaintiffs' lien, and that unless the lien is enforced in this action the plaintiffs cannot be compensated.

There was but one cause of action against the defendant for the death of Mongone, and that cause of action could be enforced only by his personal representative. It is quite immaterial who was the personal representative from time to time. The fact is that the defendant, with knowledge of the cause of action and of the action to enforce it, and of the plaintiffs' lien, has settled the claim with the estate, and that the plaintiffs cannot collect pay for their services otherwise then by enforcing their lien against the defendant. The demurrer was well taken, as the facts alleged in said answer constitute no defense.

The order is, therefore, reversed, with ten dollars costs and printing disbursements, and the demurrer sustained, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with the usual leave to defendant, upon the payment of such costs, to plead over within twenty days.