### MACHCINSKI v. LEHIGH VALLEY R. CO.

(Circuit Court of Appeals, Second Circuit. March 16, 1921.)

No. 143.

1. **Action** ☞22—**Appeal and error** ☞5—**Proceeding to enforce attorney's lien against judgment at law is separate equitable proceeding, and not reviewable on error.**

    A proceeding under Judiciary Law N. Y. § 475, to enforce an attorney's lien against a judgment in an action at law, in which the attorney by petition asked for equitable relief, and defendant by its answer set up the equitable defense of fraud, is an equitable proceeding, which is to be pursued on chancery side of federal courts, and is to be reviewed by appeal, and not by writ of error.

2. **Appeal and error** ☞858, 859—**Errors of law reviewable on writ of error, and facts and law reviewable on appeal.**

    On writ of error only errors of law are reviewable, but on appeal the appellate court may pass upon both facts and law.

3. **Attorney and client** ☞192(2)—**Amount of lien must be fixed by agreement or action before it can be enforced.**

    The amount of an attorney's fee must be fixed, either by agreement between the parties or by action at law, before the lien therefor can be enforced by equitable proceedings under Judiciary Law N. Y. § 475.

4. **Attorney and client** ☞189—**Client can settle action after judgment.**

    Even after judgment, a client has a right to settle with defendant for a less sum, if the settlement is not intended to defraud his attorney, and in such case the attorney is entitled to a lien for the agreed percentage of the settlement only.

5. **Attorney and client** ☞192(2)—**Evidence held not to sustain finding attorney induced witnesses to swear falsely.**

    In equitable proceedings to enforce an attorney's lien against a judgment after the client had entered satisfaction thereof, evidence by the client and a witness that they had perjured themselves at the trial under the inducement of the attorney *held* insufficient to sustain the court's finding that the attorney was guilty of the fraud charged, so as to have lost his lien against the defendant.

Appeal from and Error to the District Court of the United States for the Southern District of New York.

Petition by Stephen A. Machcinski to determine and enforce an attorney's lien on a judgment against the Lehigh Valley Railroad Company. The District Judge ordered the petition dismissed, and petitioner brings error and appeals. Writ of error dismissed, and the order dismissing the petition reversed on the appeal, and the lien for part of

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the amount claimed allowed, with directions to set aside a satisfaction of the judgment to that extent and issue execution thereon.

John C. Robinson, of New York City (Vine H. Smith, of New York City, of counsel), for plaintiff in error.

Alexander & Green, of New York City (Allan McCulloh and Clifton P. Williamson, both of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. Machcinski was the attorney of John Buyan, who sued the Lehigh Valley Railroad Company to recover damages for the loss of his leg. The following agreement was entered into between Machcinski and his client:

"I, John Buyan, the undersigned, hereby retain Stephen A. Machcinski, Esq., of 31 Nassau St., New York City, as my attorney to take charge of and prosecute my claim for damages to final determination by all necessary legal proceedings or by compromise and settlement, against National Dock against Lehigh Valley Railroad Co. on all grain elevator or whoever may be legally responsible for the personal injuries sustained by me on the 3d day of September, 1916, at 9:30 p. m. o'clock, a. m., p. m., and I hereby covenant and agree and do hereby assign to my attorney, Stephen A. Machcinski, Esq., for his services in the matter the sum of fifty per cent. of any and all moneys or property received in satisfaction of said claim, whether realized by settlement or trial and judgment, besides and together with all taxable costs and allowance. And it is further agreed that in case I settle the above matter without the consent of my attorney, that said attorney shall receive an amount equal to the sum received by me in such settlement.

"Dated, New York, ———, 191—.

"In the presence of                           [Signed]   John Buyan."

The ground upon which the liability of the railroad company was rested in a bill of particulars verified three days before the trial is that one of the defendant's foremen ordered plaintiff, instead of following the shovel, to stand in front of it upon the chains connected with the rope which drew it forward by steam power through the grain in a railroad car and carried it to an elevator chute at the door of the car, and then immediately started the moving of the machinery, with the result that the plaintiff's leg was entangled and torn off below the knee.

The jury rendered a verdict for the plaintiff in the sum of $5,000. The defendant took a writ of error to the judgment entered on the verdict, but subsequently settled with the plaintiff for $2,500 under circumstances presently to be considered, and the judgment was marked satisfied. Thereupon the attorney began this proceeding entitled:

"John Buyan, Plaintiff, against Lehigh Valley Railroad Company, Defendant.

"In the matter of the application of Stephen A. Machcinski, attorney for the plaintiff, above named, to determine and enforce the lien of said attorney for services rendered to the plaintiff in said action."

The first question is whether the petition is to be treated as an independent one in equity or as a step in the action at law. The law of the state of New York as to the lien of an attorney for his fees is as follows:

"Sec. 475. *Attorney's Lien in Action or Special Proceeding.*—From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien." Judiciary Law (Consol. Laws N. Y. c. 30).

[1] The mere fact that the petitioner entitled his petition in connection with the action at law does not seem to us conclusive of the question. We have to determine what he intended, what the respondent understood, what the law of New York on the subject is, and how the court below treated the proceeding. As for the plaintiff, he, entitled his pleading a "petition," and he asked for equitable relief, viz. that the satisfaction of the judgment be set aside to the extent of 50 per cent., that he be permitted to issue execution therefor, and also "for such other and further order and relief as to the court may seem just and proper." As for defendant, its answer is to a "petition," and sets up as a defense that the judgment in the action at law had been obtained by means of false testimony of the plaintiff and a witness named Haryk, solicited and procured by the petitioner, and asked equitable relief, viz. that the petition be dismissed because of fraud. The court, in accordance with equity practice, referred the proceeding to an examiner, to take testimony and report the same to the court. Finally, we have heretofore held that the New York statute creates an equitable right and remedy, which is to be enforced on the chancery side of the federal courts. In re Baxter & Co., 154 Fed. 22, 25, 83 C. C. A. 106.

[2] The petitioner took both an appeal and a writ of error. If the latter is the proper remedy, we have for consideration only errors of law; if the former, we may pass upon both facts and law. As we think the petition to be a proceeding in equity, the proper remedy is by appeal, and the writ of error is dismissed.

[3] Before any equitable relief can be given, the satisfaction of the judgment must be vacated. If the amount of the attorney's lien has not been fixed by agreement or otherwise, then it must be fixed either by an action at law or by a special proceeding. Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627. But if it has been fixed by agreement or otherwise, execution may be allowed upon the judgment. Peri v. New York Central R. R. Co., 152 N. Y. 521, 46 N. E. 849, the proceedings in which case were exactly like the proceedings in the present case.

[4] Even after judgment the client has a right to settle for a less sum, if the settlement be not intended to defraud his attorney, and in such case the attorney will be entitled only to a lien for the percentage of the settlement. Corcoran v. Structural Co., 179 App. Div. 396, 166 N. Y. Supp. 269.

[5] This brings us to consider the railroad company's defense. The District Judge dismissed the petition, on the ground that the petitioner had been guilty of fraud in obtaining the judgment, by advising the plaintiff to swear falsely to what was a material feature of the claim as

presented, viz. that the defendant's foreman negligently started the machinery immediately after he had placed the plaintiff in a position of danger. The plaintiff and his witness Haryk so testified at the trial.

July 31, 1917, judgment was entered, and shortly thereafter the railroad company, through an investigator named Ramer, began a series of interviews with Buyan, and brought him over to the company's office on several occasions, where he was examined through an interpreter as to his case, and his statements taken down stenographically. This is said to have been for the purpose of finding out the truth. The company's general claim agent told Buyan, if he would tell the truth about the case and bring witnesses to corroborate him, there might be a settlement of his claim. Ramer also brought over the witness Haryk, who was examined in the same way. Finally, September 7, 1917, Buyan and Haryk signed affidavits to the effect that the petitioner had induced them to swear falsely at the trial, and Buyan in addition signed a satisfaction piece of the judgment and a general release. Thereupon the general claim agent paid Buyan $2,500, which was all he would have been entitled to, had the judgment been collected in full, out of which he paid Ramer $50 and $30 to Haryk. The petitioner should not be convicted of fraud upon the testimony of these self-confessed perjurers, and especially of Buyan, who was eager to be paid by the railroad company.

The learned judge believed the affidavits to be true because—First, he found that the petitioner had verified the complaint as attorney, giving as the sources of his information statements made to him by plaintiff's agent and by eyewitnesses. No statement was made to him by any agent of the plaintiff, nor by any eyewitness, so far as the record shows. Second, because the petitioner prepared a bill of particulars, verified by the plaintiff three days before the trial, in which the plaintiff stated that he did not know the name of the foreman who gave the order complained of, whereas it is quite clear that he did know, and that he intended to charge Mike Miller with having done it. But these statements, even though false, are not the foundation of the judgment. They do not show that the judgment was obtained because of them, if in point of fact Mike Miller did give the order complained of, as the jury must have found, though the plaintiff improperly concealed his name in the bill of particulars. The order of the District Judge reverses the finding of the jury, a verdict which the railroad company substantially affirmed by paying the judgment.

The dealings with these ignorant men, absolutely unacquainted with the English language, on the part both of the petitioner and of the railroad company's claim agent and investigator, are to be regarded with suspicion. The petitioner will be allowed his lien to the extent of one-half the amount paid by the railroad company in settlement of the petitioner's claim. without costs: the satisfaction of the judgment will be set aside to that extent, and execution allowed to issue therefor.

Order reversed.