In the Matter of the Application of Louis J. Goldin and Another, Appellants, for an Order Requiring Bruce R. Duncan and Another, Copartners Practicing Law under the Name of Duncan & Campbell, and Another, Respondents, to Pay over Certain Moneys Received in Their Capacity as Attorneys and Counselors at Law.

Second Department, April 30, 1926.

Attorney and client — compensation — proceedings under Judiciary Law, § 475, to compel attorneys to pay over money to clients — money was withheld as fees — court may determine fees or submit question to referee — amount retained by attorneys was reasonable.

In proceedings under section 475 of the Judiciary Law by clients to compel their attorneys to pay over the amount they retained as fees from moneys collected, the court may determine the reasonableness of the fees, or it may submit the question to a referee. In this case the action of the court in determining the reasonableness of the fees was proper and its determination that the fees retained were reasonable is sustained.

Appeal by the petitioners, Louis J. Goldin and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 22d day of January, 1926, denying an application made by said appellants for an order directing respondents Duncan & Campbell and Walter Bruchhausen, attorneys at law, to pay over to the appellants the sum of $1,550, retained by said attorneys from moneys collected on account of appellants in settlement of certain

litigation, the respondents claiming said moneys as a balance due them for fees.

*Henry E. Coleman,* for the appellants.

*Bruce R. Duncan,* for the respondents.

KELLY, P. J. This application for a summary order was instituted by the clients, the appellants. The question before the court was the amount of the fees due the attorneys for which they asserted a lien upon the proceeds of the settlement in their possession. Jurisdiction to determine this question upon such a proceeding is expressly vested in the court. (Judiciary Law, § 475.) We agree with the conclusions of the learned justice at Special Term that there was no agreement by the attorneys to render the services for the comparatively trivial sum asserted by the appellants. The litigation and collateral proceedings were complicated and involved, necessitating a trial at Special Term in Nassau county, in the course of which the attorneys secured a settlement of the applicants' claim for $7,750 cash, and a release of the clients from liability under leases and contracts involving a much larger amount. There was no dispute upon the affidavit submitted as to the services rendered. The claim of applicants that there was an express agreement to perform the legal services involved for $450 to $500, the amount of the retaining fee, is discredited not only by the facts shown by the affidavits, but by the voluntary offer of the applicants when confronted by the answering affidavits to pay double that amount. The difference between the parties is obviously an attempt by the clients to beat down the amount charged. It was a matter entirely within the discretion of the justice at Special Term whether he should determine the questions himself upon the affidavits submitted or send the matter to a referee. (*Matter of King,* 168 N. Y. 53; *Matter of Knapp,* 85 id. 284; *Sullivan v. McCann,* 124 App. Div. 126; *Waterbury* v. *Eldridge,* 52 Hun, 614; opinion reported, 5 N. Y. Supp. 324.) The judge at Special Term was as well able to determine the reasonableness of the fee charged as would be an official referee to whom appellants ask that the matter be referred.

The order denying application to compel the attorneys to pay over moneys held by them on account of fees and charges, should be affirmed, with ten dollars costs and disbursements.

RICH, JAYCOX, KAPPER and LAZANSKY, JJ., concur.

Order denying application to compel attorneys to pay over moneys held by them on account of fees and charges affirmed, with ten dollars costs and disbursements.