## ALBRIGHT v. BALTIMORE & O. R. CO.

District Court, E. D. New York. December 1, 1927.

**1. Words and phrases—Word "duly" means by proper procedure.**

The word "duly" means by proper procedure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duly.]

**2. Courts ⚖═359—In federal courts, attorney has no lien on client's cause of action, unless given by state statute.**

In a federal court, an attorney has no lien on the cause of action of his client, unless given by a statute of the state.

**3. Attorney and client ⚖═190(4)—Enforcement of lien of plaintiff's attorney in action at law against defendant, after settlement of case without his knowledge must be by suit in equity under state statute; "petition" (Judiciary Law N. Y. § 475).**

Judiciary Law N. Y. (Consol. Laws, c. 30) § 475, gives an attorney a lien on his client's cause of action and its proceeds in whosesoever hands they may come, and authorizes the court on petition of client or attorney to determine and enforce the lien. Held, that the word "petition" indicates a pleading as distinguished from motion, and that whether, or not the provision applies only to controversies between attorney and client, in an action at law in a federal court for tort, where settlement has been made by defendant without the knowledge of plaintiff's attorney, but with notice of his claim to a lien, the lien cannot be enforced against defendant summarily on motion in the action, but must be by suit in equity (citing Words and Phrases, Second Series, Petition).

At Law. Action by Pearl E. Albright, as administratrix, against the Baltimore & Ohio Railroad Company. On motion by plaintiff's attorney to vacate order. Denied.

John C. Robinson, of New York City, for the motion.

Cravath, Henderson & De Gersdorff, of New York City, opposed.

INCH, District Judge. This is a motion for an order vacating an order of this court dated November 14, 1927, and duly filed. The motion is made by the attorney for a plaintiff in a tort action, which was settled before trial by the parties thereto.

It seems that the attorney's client, an ad-

ministratrix, brought suit against the railroad company to recover for the death of her husband. The attorney appeared as attorney of record under a contingent agreement which he says he had with said plaintiff. Before the case was reached for trial the railroad company settled with plaintiff and obtained from her a release. This settlement the attorney claims was made without his knowledge or consent. The settlement, however, is not in question, as apparently the attorney not only actually approves same, but in the absence of fraud settlements of litigation are always approved.

[1] The attorneys for the railroad company thereafter made a motion before this court to be allowed to mark the case settled and discontinued, or in the alternative to be allowed to set up the defense of the release. The former relief was granted. The attorney for plaintiff presented a cross-motion, by which he sought either to have the action continued for the benefit of his lien, or that such lien be summarily ascertained and ordered paid. This cross-motion was denied, so far as continuing the action was concerned, and the motion of the railroad company was granted, on condition that the attorney's lien be duly ascertained and paid. The word "duly" indicates by proper procedure.

After the decision but before entry of an order thereon the attention of the court was called to the fact appearing in the papers that said attorney had already commenced a suit to foreclose his lien and that an answer by defendant railroad company had been interposed. There was, therefore, nothing further left to be directed to be done by the parties, and the order complained of was signed.

[2] The attorney for plaintiff has now made this motion, seeking a vacation of the aforesaid order of November 14, 1927, and asking that said attorney's cross-motion, heretofore denied, be granted, in accordance with the decision of the court. Aside from the technical objections raised as to this procedure, it is plain that the attorney for plaintiff intends this to be a motion for reargument, and, regardless of the form of motion, it will be so considered.

This raises the real question as to what "duly" ascertaining of the attorney's lien requires under the circumstances here. The attorney has already commenced a suit in equity to foreclose his lien. He now proposes to discontinue such suit and have this court summarily or by motion ascertain such lien. As I have said, the question of the settlement is not in issue. It is settled in this state that

one party cannot settle with the client of an attorney without incurring the possible liability, if such settlement is made without the attorney's knowledge and consent, of having to pay the rightful compensation which otherwise would have to be paid to him by his client.

The fact of and distinction between the general lien given an attorney, which contemplates the right to retain property in his actual possession and the special lien which contemplates the right to have a court of equity interfere in controversies between the attorney and his client, or the attorney and third persons, for the proper protection of both the client and the attorney, have long been recognized. In re Heinsheimer, 214 N. Y. 361, 108 N. E. 636, Ann. Cas. 1916E, 384, and cases infra.

On this motion we are only concerned with the special or charging lien. "The federal courts recognize no lien at common law in behalf of an attorney beyond that given by the local law." Gregory v. Pike (C. C. A.) 67 F. 837; Sun Life v. Casanova (C. C. A.) 260 F. 449; Turner v. Woodard (C. C. A.) 259 F. 737. The local law in this matter is that of the state of New York. In re Paschal, 10 Wall. (77 U. S.) 483, 19 L. Ed. 992; Central R. R. Co. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915. In re Baxter & Co. (C. C. A.) 154 F. 22.

A distinction also exists between a special or charging lien on the "fruits" of a litigation, as distinguished from a lien on the cause of action. In the federal court, "in the absence of some statutory provision, he (the attorney) has no lien upon the naked cause of action of his client." In re Baxter & Co., supra. This would seem to have been so, even in the state of New York prior to the statute. Goodrich v. McDonald (1889) 112 N. Y. 157, 19 N. E. 649.

The procedure provided for enforcement of such a lien likewise differs somewhat. If the fund is in the possession of the attorney, or is in the possession of the court, or if the parties interested all consent to so submit the matter, the relief may possibly be given in what I term a summary way. This seems to me to be authorized by the various cases examples of which are cited. In Harrison v. Perea, 168 U. S. 311, at page 325, 18 S. Ct. 129, 135 (42 L. Ed. 478), Mr. Justice Peckham says: "By the exertions of the solicitor the fund was recovered, and it was properly made to bear some portion of the expense of its administration. The amount was within the judicial discretion of the court, and in fixing that amount the trial court could pro-

ceed upon its own knowledge of the value of the solicitor's services." Cain v. Hockensmith (C. C.) 157 F. 992; In re Gillaspie (D. C.) 190 F. 88; Farmers' Loan & Trust Co. v. N. Y. R. (C. C. A.) 215 F. 712; Cunningham v. Sizer Steel (D. C.) 1 F.(2d) 653; Duringshoff v. Coates, 93 Misc. Rep. 485, 157 N. Y. S. 230; In re Salant, 158 App. Div. 697, 143 N. Y. S. 870, affirmed 210 N. Y. 622, 104 N. E. 1140; Goldin v. Duncan, 216 App. Div. 472, 215 N. Y. S. 445.

The confusion in the federal cases which could be cited really exists because of the adherence to the rule above mentioned that the various local or state laws are to be followed. There is no substantial difference among the cases in regard to the right of a court to protect its officers, either on the theory of his having an attorney's lien by common law or statute, or on the broader theory that all interested in a fund should contribute ratably to the cost of creating or securing it. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Central R. R. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915; Harrison v. Perea, 168 U. S. 311, 18 S. Ct. 129, 42 L. Ed. 478; Jefferson Hotel Co. v. Brunbaugh (C. C. A.) 168 F. 867; In re Gillaspie (D. C.) 190 F. 88; Cunningham v. Sizer (D. C.) 1 F.(2d) 653.

In the matter now before me there is no fund in the hands of the attorney or in the possession of the court. The sole fund, if any at all, is in the possession of a defendant, and even this so-called fund is based upon an estoppel of the defendant from saying that with notice of the lien he parted with the entire fund. Fischer-Hansen v. Brooklyn R. Co., 173 N. Y. 492, 66 N. E. 395. Nor are we here concerned with the remedy of continuing the said action or issuance of execution.

The right of an attorney, therefore, under such circumstances, to invoke the equitable interference of this court, does not rest on any of the theories above mentioned, or permit the awarding of compensation by a summary order. The lien of such attorney depends upon the local statute of the state of New York. The history of the legislation of the state has been set forth in the thoughtful opinion of Judge Vann in the Fischer-Hansen v. Brooklyn R. Co. Case, supra. [3] The present statute, derived from the old New York Code of Civil Procedure, § 66, is section 475 of Laws 1909, c. 35, known as the Judiciary Law (Consol. Laws, c. 30). This statute in substance expressly gives a "lien" to an attorney on his client's cause of action and "the proceeds" thereof in "whosoever hands they may come." This lien can-

not be affected by any settlement and the court upon a "petition of the client or attorney may determine and enforce the lien."

There are two portions to the statute: First, the giving of the right, to wit, a lien on the cause of action, etc.; second, the means of enforcing, as well as determining, this lien. As to this second portion of the statute, it has been held that it would seem to relate to controversies solely between attorney and client. Rochfort v. Metropolitan R. Co., 50 App. Div. 261, 63 N. Y. S. 1036. The right of a third party to be sued, however, was not taken away.

In the motion before me it is a third party that is involved. There remains, therefore, the question of procedure against a third party. The attorney would seem to claim the right to submit the matter without suit. The third party insists on a trial. Which is right? I believe the third party is. In fact, some time ago I decided under somewhat similar circumstances that a suit must be brought. Robert Bolman v. Penn. R. R. (L. 2158).[1] The question is one for a court of equity. In re Pieris, 82 App. Div. 466, 81 N. Y. S. 927, affirmed 176 N. Y. 566, 68 N. E. 1123; Machcinski v. Lehigh R. (C. C. A.) 272 F. 920. It is in the nature of the foreclosure of a lien. In re King, 168 N. Y. 53, 60 N. E. 1054.

The word "petition" has caused some confusion. It can be considered differently according to the practice required. In its broad definition, however, it may mean "a written address"; "a proceeding different from a notice of motion." Black's Law Dictionary (2d Ed.). "A bill in equity is in reality a 'petition' by another name." Fraser v. Fraser, 77 N. J. Eq. 205, 75 A. 979; 3 Words and Phrases, Second Series, 1024.

The cases both in the federal court and the state court show that under circumstances such as here the "petition" has been considered "a pleading." It is not a motion in an action. Peri v. N. Y. Central R., 152 N. Y. 523, 46 N. E. 849; Leary v. N. Y. Central R., 183 App. Div. 334, 170 N. Y. S. 366; Machcinski v. Lehigh R. (C. C. A.) 272 F. 920. Accordingly, as such a suit has already been brought, it seems to me that the attorney has pursued the due and proper remedy.

As to the complaint, not without merit, that this means a long and unfair wait for the attorney, while his client has received and has probably spent the money, all that can be said is that this is due to circumstances beyond the control of the court, due to large calendars, etc. Even if a "petition" is used, an answer is still required, and the issue must go on some calendar; certainly not on the motion calendar. Possibly that court may advance the cause on motion or have a special calendar for such suits. It is an equity suit.

The client received the money in advance of a trial because of a voluntary settlement. No such settlement was offered the attorney. He must therefore wait, just as his client would have had to wait, had the settlement not taken place. While no state statute can direct the practice of the federal court in equity (Foster, Federal Practice, vol. 1 [6th Ed.] p. 574, and cases cited; In re Paleais [C. C. A.] 296 F. 403), the practice in federal courts requiring a suit to foreclose a lien requires no citation of authorities. Nor is the practice here indicated different from that suggested by the state courts.

The motion must be denied, and the attorney relegated to his suit in equity for his relief.

---

[1] Robert C. Bollman, Plaintiff, v. Pennsylvania Railroad Company, Defendant.

District Court, E. D. New York.    June 25, 1925.

Memorandum.

INCH, District Judge. I have spent considerable time on this matter, and have come to the conclusion that, although the remedy by summary order is, in a proper case, available, it is not the proper remedy, where questions as to the retainer and authority to act of the attorney are even indirectly involved.

In such cases an action in equity is the proper remedy with both the client and the third party, parties thereto. As both the client and third party appear to be residents of Pennsylvania, it seems to me that the attorneys should commence such action in a state or federal court of that district. The attorney, as I understand, is a resident of another district.

Motion denied without prejudice.