### LAWRENCE v. COMMODORE NAV. CORPORATION.

District Court, S. D. New York.
Jan. 9, 1939.

Abraham M. Fisch, of New York City, for petitioner.

Lynch & Hagen, of New York City (Anthony V. Lynch, Jr., and John S. Bull, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit for damages for personal injuries alleged to have been sustained on May 18, 1938. The suit was commenced on June 3, 1938, and on June 22, 1938, the defendant, without the knowledge or consent of the plaintiff's attorney, paid the plaintiff $5,000 in full settlement of his claim. The defendant answered on June 23, 1938, setting up the settlement as a bar to the suit.

The attorney for the plaintiff has filed a petition asking that his attorney's lien be determined under Section 475 of the Judiciary Law of New York, Consol.Laws, c. 30. In this petition, he alleges that he was retained by the plaintiff on May 26, 1938, under an agreement by which he was to receive fifty per cent of any recovery by suit or settlement. He now moves on notice to the defendant for an order determining his lien.

The defendant insists that the attorney has mistaken his remedy, and should be relegated to an independent equity suit against both the plaintiff and the defendant; it has submitted in opposition to the motion an affidavit, purporting to have been verified by the plaintiff on June 4, 1938, stating that he had not retained any attorney or person to represent him in the prosecution of his claim against the defendant; and it asks affirmatively that the case be marked "settled and satisfied" on the records of the court.

Section 475 of the Judiciary Law of New York provides that the lien of an attorney upon his client's cause of action "cannot be affected by any settlement between the parties before or after judgment, final order or determination"; and, further, that "the court upon the petition of the client or attorney may determine and enforce the lien". Under this statute, the attorney is in the position of an equitable assignee, Beecher v. Peter A. Vogt Mfg. Co., 227 N.Y. 468, 125 N.E. 831; Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49; and the proceeding to determine and enforce the lien is ancillary to the main suit, Woodbury v. Andrew Jergens Co., supra; Nic Projector Corp. v. Movie-Jecktor Co., D.C., 16 F.Supp. 605; Peri v. New York Central R. R. Co., 152 N.Y. 521, 46 N.E. 849. The statute expressly states that the proceeding may be instituted by petition, indicating clearly that it may be summary in character. Nic Projector Corp. v. Movie Jecktor Co., supra; Smith v. Acker Process Co., 102 App.Div. 170, 92 N.Y.S. 351; Machcinski v. Lehigh Valley R. Co., 2 Cir., 272 F. 920; Lehigh & N. E. R. Co. v. Finnerty, 3 Cir., 61 F.2d 289. I think that Albright v. Baltimore & O. R. Co., D.C., 22 F. 2d 832, places too narrow a construction on the statute, and I am not inclined to follow it. I hold, therefore, that the attorney may proceed by petition and notice of motion.

Is it necessary to make the plaintiff a party to the proceeding? That apparently is the practice of the lower New York courts, Oishei v. Pennsylvania R. Co., 101 App.Div. 473, 91 N.Y. 1034; Oishei v. Metropolitan Street Railway Co., 110 App.Div. 709, 97 N.Y.S. 447; and although I have been unable to find any decision of the Court

of Appeals bearing on the subject, I think that on the present facts the plaintiff should be brought in on adequate notice, especially as he denies that the attorney was retained.

The motion of the attorney is denied, with permission to renew on notice to the plaintiff as well as to the defendant. The issues should then be referred to a Special Master to hear and report. Inasmuch as the proceeding is ancillary in character, the defendant's motion to mark the suit "settled and satisfied" will be held in abeyance.