JAMES TERNEY v. JACOB WILSON.

1. An agreement between an attorney and his client that the attorney shall have a lien upon a certain judgment to be recovered, for a specified sum, as compensation for his services, constitutes a valid equitable assignment of the judgment *pro tanto* which attaches to the judgment as soon as entered.

2. The equity of the assignee under such an assignment is superior to the claim of the judgment debtor to set off against the judgment, a judgment against the plaintiff which he, the debtor, had purchased after the entry of the judgment against himself and before he had notice of the assignment.

3. A failure to give to the debtor notice of the assignment of the debt will not subject the assignee to merely equitable claims of the debtor, which do not attach to the debt itself and which accrue to him after the assignment.

On rule to show cause.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the motion to set off judgments, *B. A. Vail.*

*Contra, E. S. Savage* and *G. W. Miller,* of New York.

The opinion of the court was delivered by

DIXON, J.   On November 8th, 1882, the plaintiff recovered a judgment in this court against the defendant for $1122.53 damages and costs.   E. S. Savage, Esq., was the plaintiff's attorney and counsel, and while the suit was pending, the plaintiff being unable to compensate Mr. Savage for his services, it was agreed between them that if Mr. Savage would attend to the prosecution of the cause, and would defend the plaintiff in some other litigation with the defendant, and would defend the plaintiff's brother upon trial of an indictment which had been found against him, then he, Mr. Savage, should have a lien for the compensation due him upon the judgment which might be recovered in the suit.   Shortly before the entry of the judgment, Mr. Savage's services having been then all substantially rendered, he and the plaintiff agreed upon $865 as a fair and just compensation therefor.

On April 17th, 1873, one John H. Campbell recovered a judgment in the Middlesex Circuit Court for $612.08 damages and costs, against this plaintiff and another.   On November 14th, 1882, Campbell's administratrix assigned this judg-

ment to the present defendant, who, on November 15th, 1882, caused it to be docketed in this court.

This defendant now moves to have the Campbell judgment set off against the plaintiff's judgment. Mr. Savage opposes this motion, except as to the surplus remaining after deducting his claim for $865 and the taxed costs.

The right to set off one judgment against another is a purely equitable one, to be administered in all cases upon such terms as will promote substantial justice. *Brown* ads. *Hendrickson,* 10 *Vroom* 239. It of course cannot attach until the party seeking the set-off has become both a judgment creditor and a judgment debtor of the person against whom it is sought. *Ib.* In the present case it could not arise until November 14th, 1882, when the Campbell judgment was assigned to the defendant. While that judgment was due to Campbell, there could be no right to set it off against the judgment which the defendant owed. The question for decision then is, What right of set-off in equity accrued to the defendant on November 14th, 1882? And the first step towards an answer will be taken in determining what equitable right Mr. Savage had before acquired in the judgment of November 8th.

The agreements made between the plaintiff and Mr. Savage created a debt from client to counsel, valid both in law and equity, (*Hopper* v. *Ludlum,* 12 *Vroom* 182,) and constituted an equitable assignment to the latter of so much of the judgment as was needed to pay his debt, which assignment attached to the judgment as soon as it was entered, November 8th. The principle that an agreement between debtor and creditor that the creditor shall have a claim upon a specific fund for payment of his debt, will operate as a binding equitable assignment of the fund *pro tanto,* was distinctly asserted by Lord Hardwicke as early as *Row* v. *Dawson,* 1 *Ves., Sr.,* 331, and was declared to be clearly deducible from all the pertinent cases, a century later, by Lord Truro in *Rodick* v. *Gandell,* 1 *De G., M. & G.* 763. It has been recognized in this state, (*Bower* v. *Haddon Blue Stone Co.,* 3 *Stew. Eq.* 171, affirmed *sub nom. Lyon* v. *Bower,* 3 *Stew. Eq.* 340,) and is a settled

Terney v. Wilson.

rule in equity. It embraces contracts between counsel and client for payment of the former out of the judgment to be recovered. *Ely* v. *Cooke*, 28 *N. Y.* 365; *Williams* v. *Ingersoll*, 89 *N. Y.* 508. Sometimes it has been held that the principle should not be applied to agreements of the character just mentioned because they are champertous, but as the English law against champerty is repudiated in New Jersey, (*Schomp* v. *Schenck*, 11 *Vroom* 195,) this element is not here objectionable. Occasionally, also, it has been said that if the assignment embraced only part of a debt, it was not obligatory upon the debtor without his assent, the reason being that his single obligation could not thus be split up into several unless he consented. This reason, however, controls only legal rights and remedies, and Chancellor Green, in *Superintendent* v. *Heath*, 2 *McCarter* 22, has well observed upon it that "it has no application whatever to an equitable assignment sought to be enforced in a court of equity against a fund in the hands of the debtor." The right of a partial assignee was explicitly supported in *Lett* v. *Morris*, 4 *Sim.* 607, and *Bower* v. *Haddon Blue Stone Co.*, *ubi supra.*

As we therefore are called upon in this case to exercise a purely equitable power, we must do so in recognition of the rights of Mr. Savage as assignee *pro tanto* of the plaintiff's judgment from the moment of its entry. Until November 14th these rights were unquestionably valid against the defendant, and if, before that date, they had been notified to him, it would certainly have been beyond his power to impair them. But such notice not having been given, the defendant, on the day mentioned, purchased the judgment against the plaintiff for the purpose of doing what, if the facts had been as he supposed, he would have had a perfect right to do, setting off one judgment against the other; and the next question, therefore, is whether this act gives him, in equity, a claim superior to that of the assignee.

The exact *status* of the parties concerned in an assignment of a chose in action, before notice to the debtor, will be found, on examination, to be the subject of much diversity of judicial

opinion. But I think courts are in substantial accord to an extent sufficient for the decision of the question presented in the case before us.

A failure to give to the debtor notice of the assignment will not subject the assignee to merely equitable claims of the debtor, which do not attach to the debt itself and which accrue to him after the assignment; and among the claims which do not attach to the debt, but are only collateral, is a claim of set-off.

When the assignment transfers the legal title to the debt, it has usually been considered that an equity of the debtor, in order to be protected against the assignee, must both inhere in the debt and have belonged to the debtor before the assignment was made. Hence it was decided in *Burrough* v. *Moss*, 10 *B. & C.* 558; *Oulds* v. *Harrison*, 10 *Exch.* 572, and *Cumberland Bank* v. *Hann*, 3 *Harr.* 222, that a bill or note in the hands of an endorsee after maturity is not subject to the set-off of a debt due from the endorser to the maker at the time of the endorsement, such claim of set-off not being an equity attaching to the chose assigned. The case of *Sargent* v. *Southgate*, 5 *Pick.* 312, is to the contrary effect, but it seems to be in conflict with the earlier case, in the same state, of *Holland* v. *Makepeace*, 8 *Mass.* 418, and has not received general adoption in other states. It rests upon the idea that the title by such an endorsement should be treated as equitable rather than legal, and so subject to the equitable right of set-off then existing in the maker. But in *Baxter* v. *Little*, 6 *Metc.* 7, the same court explicitly refused to extend the right of set-off to claims acquired by the maker against the endorser after the endorsement, but before notice of it. An assignee under the bankruptcy and insolvency acts is regarded, for many purposes, as an equitable owner only, and hence the debtors of a bankrupt or insolvent may set off against their notes which have passed to the assignee such claims as they held against the assignor at the time of the assignment. *Receivers, &c.,* v. *Paterson Gaslight Co.*, 3 *Zab.* 283. But they cannot so set off claims which they have subsequently acquired,

even though such claims arise by their paying debts of the bankrupt or insolvent for which they were responsible when the assignment was made. *Ex parte Hale*, 3 *Ves., Jr.*, 304; *Chance* v. *Isaacs*, 5 *Paige* 592. In *Coster* v. *Griswold*, 4 *Edw. Ch.* 364, the rule that a *bona fide* assignee of choses in action should be protected against equities accruing to the debtor after the assignment, was applied in favor of the assignee of bonds and even against equities of the obligor growing out of the transaction in which the bonds had been given. To the same effect are *Cornish* v. *Bryan*, 2 *Stockt.* 146, and *Bush* v. *Cushman*, 12 *C. E. Green* 131. In *Beckwith* v. *Union Bank*, 9 *N. Y.* 211, it was applied in favor of the assignee of a bank account against the bank claiming to set off a note endorsed by the assignor, which they held at the time of the assignment, but which matured and was charged up after that event and before notice of it.

Of similar purport have been the decisions concerning the setting off of judgments. In *Gay* v. *Gay*, 10 *Paige* 369, Chancellor Walworth said : " The right to set off one judgment or decree against another only exists in those cases where the debts on both sides have been finally liquidated by judgment or decree, before the assignment of either to a third party." In *Hackett* v. *Connett*, 2 *Edw. Ch.* 73; *Graves* v. *Woodbury*, 4 *Hill* 559; *Spencer* v. *Barber*, 5 *Hill* 568, and *Roberts* v. *Carter*, 38 *N. Y.* 107, the courts refused to set off judgments and decrees, on the ground that a prior assignment of one of the claims had prevented the right of set-off from attaching. In Graves v. Woodbury, Judge Cowen, referring to the point of notice to the debtor that the claim against him had been assigned, says : " The only object of such a notice is to put the debtor on his guard against dealing with the assignor, or *perhaps* obtaining other demands against him, on the belief that he still continues the equitable owner." I have not found any case where this "perhaps" of the learned judge has developed into anything more than a conjecture.

The cases of *Chamberlin* v. *Day*, 3 *Cow.* 353, and *Brown* ads. *Hendrickson*, 10 *Vroom* 239, are authorities for the posi-

tion that the rights of an equitable assignee of a judgment attach before notice of the assignment is given to the debtor.

Hence, in the present case, I think the conclusion is warranted that the equitable right which Mr. Savage acquired in the judgment against the defendant as soon as it was entered was not impaired by any subsequent equity accruing to the defendant by his purchase of the judgment against the plaintiff. Between the two equities the maxim, "*Qui prior est in tempore potior est in jure*," establishes the superiority of the former.

The defendant's set-off must therefore be limited to so much of the plaintiff's judgment as remains after satisfying Mr. Savage's claim. As to the amount of this claim, I think it is $865 only, with interest, and not that sum and the taxed costs besides. Mr. Savage, in his evidence, says that $865 was agreed on between himself and the plaintiff as his compensation for all services rendered and money expended by him in and about the several litigations, and therefore, if that sum be paid, I think he has no claim, legal or equitable, to the taxed costs.

The defendant's motion for set-off will be allowed to the extent indicated. The entire claim of neither party being wholly supported, each must pay his own costs.