SIMEON T. FLANAGAN, Plaintiff, *v.* DENNIS E. CONNERS, MARGARET V. CONNERS, THE BRONX NATIONAL BANK, NORTHERN WATER-PROOFING COMPANY and the CITY OF NEW YORK, Defendants.

Supreme Court, New York Special Term, May 17, 1924.

**Attorney and client — lien for services — agreement to pay attorney certain amount out of sum if and when collected does not entitle attorney to statutory lien under Judiciary Law, § 475 — such agreement does not constitute equitable assignment entitling attorney to equitable lien.**

An attorney who, acting under an agreement by his client to pay him a certain sum out of moneys if and when collected, merely appeared before the board of estimate and apportionment of the city of New York and induced that body to return to his client an amount which he had forfeited by his failure to perform a contract, does not possess a statutory lien under section 475 of the Judiciary Law as he is not the attorney of record in an action or special proceeding.

Nor does such agreement between an attorney and client constitute an equitable assignment to the attorney, thereby entitling him to an equitable lien on the amount collected.

MOTION by defendant Conners to dismiss plaintiff's complaint pursuant to rule 106 of the Rules of Civil Practice.

*James A. Beha (Simeon T. Flanagan,* of counsel), for the plaintiff.

*Murray L. Gilman,* for the defendants Conners.

LEVY, J. This is a motion by defendant Conners, under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. Plaintiff, an attorney, entered into an agreement with the said defendant whereby the latter agreed to pay plaintiff $1,500 for his services in appearing before the board of aldermen and the board of estimate and apportionment for the purpose of pressing such defendant's claim for the return to him of $6,500 which was forfeited to the city on his failure to perform a contract. Plaintiff concededly performed all the services called for in the contract. The return of the money was voted by the board of aldermen and the board of estimate and apportionment. Defendant Conners, however, refused to fulfill his agreement with the plaintiff who, therefore, seeks to have a lien, equitable in nature, impressed on the fund now held by the comptroller of the city of New York. Plaintiff contends that his agreement with the defendant constituted an equitable assignment of $1,500 of the fund and hence asks this court so to decree. Defendant admits the agreement and does not deny the value of plaintiff's services, but asserts that plaintiff's remedy is in an action at law to recover for breach of contract and that the agreement was not tantamount to an equitable assignment. Obviously plaintiff does not possess an attorney's statutory lien as he was not the attorney of record in an action or special proceeding (Judiciary Law, § 475; *Weinstein v. Seidmann,* 173 App. Div. 219; *Matter of Heinsheimer,* 214 N. Y. 361), and this fact is not contested by the plaintiff. He claims, however, that he is within the equity of the statute and that the agreement gave him an equitable lien. I am unable to agree with the plaintiff and find no authority upholding his position. On the contrary, it has been held that an agreement to pay out of a designated fund does not constitute an equitable lien upon the fund or operate as an equitable assignment thereof. *Williams v. Ingersoll,* 89 N. Y. 508; *Thomas v. N. Y. & G. L. R. Co.,* 139 id. 163, 179. This doctrine was established in the law at an early date. *Trist v. Child,* 21 Wall. 441. In that case the court said (p. 447):

"But a mere agreement to pay out of such funds is not sufficient. Something more is necessary. There must be an application of the fund *pro tanto*, either by giving an order or by transferring it otherwise in such a manner that the holder is authorized to pay the amount directly to the creditor, without the further intervention of the debtor." See, also, *Holmes* v. *Bell*, 139 App. Div. 455, 462; *Donovan* v. *Middlebrook*, 95 id. 365. In the final analysis, "The test is, (even of an equitable assignment) an inquiry whether the debtor would be justified in paying the debt or the portion contracted about, to the person claiming to be assignee." *Fairbanks* v. *Sargent*, 117 N. Y. 320, 330.

The record discloses no assignment in fact, no application of the fund *pro tanto*, no direction to pay, and under these circumstances the comptroller of the city of New York would not be warranted in paying over $1,500 of the fund which he now holds to the plaintiff. By plaintiff's very allegation we find a mere agreement by the defendant to pay $1,500 to the plaintiff out of the $6,500 if and when returned. This is not enough to constitute an equitable assignment. More is needed. Manifestly an injustice has been done an attorney who confessedly secured results for his client. This move on defendant Conners' part is clearly an act of ill grace, and unfortunately this court is bound by the controlling authorities. Defendant's motion must, therefore, be granted, but without costs.

Ordered accordingly.