## CUNNINGHAM v. SIZER STEEL CORPORATION.

## FIDELITY TRUST CO. OF BUFFALO v. SIZER STEEL CORPORATION et al.

(District Court, W. D. New York. October 10, 1924.)

**Attorney and client ⟨⟩175—Attorney effecting favorable tax adjustment held entitled to charging lien.**

Attorney, who participated in conferences and arguments before government department heads, and secured adjustment of corporation's tax liabilities, *held* entitled to a charging lien, under Judiciary Law N. Y. § 475, though no legal or judicial action or proceeding was instituted and though he did not obtain actual possession or custody of any fund recovered.

In Equity. Two suits, one by Alan Cunningham against the Sizer Steel Corporation, and the other by the Fidelity Trust Company of Buffalo against the Sizer Steel Corporation and others. On motion Dewitt Clinton and Alfred S. Weill to impress attorneys' lien on fund. Ordered in accordance with opinion.

Myron S. Short, of Buffalo, N. Y., for petitioners.

Louis Desbecker, of Buffalo, N. Y., for receivers.

HAZEL, District Judge. This is a motion to impress an attorney's lien upon a fund in the custody of the receivers of the defendant corporation appointed by this court. The petitioners concededly have performed legal services at the request of the insolvent corporation in the settlement and adjustment of income tax matters pending before the United States Department of Internal Revenue. The subject-matter arose from an alleged tax indebtedness amounting to $232,026.78, which, in consequence of petitioners' services, was finally adjusted with the government at $18,413.80, and after the receivers were appointed the petitioners presented to them their bill for $41,213.09, covering their services and expenses, which was audited and allowed them in full, but no part thereof has been paid. The defendant's property, a manufacturing plant, was sold under order of this court in the consolidated action of foreclosure of a trust mortgage to secure an issue of bonds and the pending action in equity to conserve assets, and the proceeds of the sale were insufficient to pay the petitioners' claim or the claims of unsecured creditors. A lien ahead of the trust mortgage is not contended. Since the confirmation of the sale the government has refunded to the receivers $10,505.07, being the interest on certain excess payments of income and profit taxes which were made during the period affected by the adjustment.

Since no legal or judicial action or proceeding against the government was ever instituted to adjust the tax, and no judgment, order, or judicial mandate secured in a pending case or proceeding, the receivers in opposition contend that no retaining lien or charging lien eventuated. But I think a lien of the latter class has been fairly established. It was not necessary that a judgment should have been recovered in a judicial action or proceeding in order to maintain a charging lien. There is authority to the effect that an attorney or solicitor is entitled to reimbursement for his costs and services rendered out of any fund or judgment recovered by his efforts. The particular services rendered required the skill and experience of an advocate. Questions of law were involved, and in the proper performance of professional services it was necessary to file complicated tax returns, accounts, and amortization schedules, and participate in conferences and arguments before heads of departments at Washington, to the end that a favorable decision or adjustment of defendant's tax liability would be secured.

Charging liens, as distinguished from retaining liens, exist under section 475 of the Judiciary Law of the state of New York (Consol. Laws, c. 30), and they attach to the cause of action from the beginning, viz. to a verdict, report, decision, judgment, or final order in favor of the client, and such a lien, moreover, covers and includes any proceeds recovered, even though they have not come into the possession of the attorney or client. The attorney, owing to an enlargement of the statute, has a lien, even before judgment, for his compensation upon any fund recovered by him. Matter of Heinsheimer, 214 N. Y. 361, 108 N. E. 636, Ann. Cas. 1916E, 384.

In the Matter of Knapp, 85 N. Y. 284, the Court of Appeals of this state held that an attorney's lien attached for services performed in an action or proceeding before a statutory commission appointed to ascertain and adjust claims against the city of New York. It was urged that the particular services rendered were not included in section 66 of the Code of Civil Procedure (now section 475 of the Judiciary Law), but the court held that such services performed before the claims commission were analogous to services rendered in a court of law, and that the attorney was acting in a profession-

al character; the parties clearly understanding that the relation of attorney and client existed between them. It is true, as contended, that in that case the fund was actually in the possession of the attorney; but the opinion of the court indicates that equitably the rights of the attorney were in substance the same as the rights that would have resulted in the case of a judgment of a court of law.

In the Matter of H——, an Attorney, 87 N. Y. 521, the Court of Appeals said that services of an attorney are "not confined merely to a litigation * * * which terminates in a technical judgment," and the court refused to require the attorney to surrender the policy of insurance delivered by the client to him until he was reasonably compensated for his services.

From these adjudications, and others I have read, I think that the courts of this state in reaching their conclusions have considered both the common law and the statutory remedy together, and hence that a court action or proceeding, as those terms are defined, is not strictly essential to predicate the basis of an attorney's lien for services, and that the Judiciary Law does not interfere with or destroy the right of lien which is given at common law for services rendered by an attorney or solicitor to his client, resulting in the recovery of "any fund." Cooper v. Jenkins, 33 Beavan, 431; Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649. In the latter case it was said by the court that an attorney had a lien "upon the fund or judgment which he has recovered." Although the facts of the cases examined by me are different from the facts here, still my understanding is that none of the adjudications expressly or impliedly limit the right of lien to the beginning of a suit or proceedings.

In the federal courts of equity it frequently happens that the remedies provided by a state statute and their enlargement (though not controlling) are applied. In re Baxter & Co., 154 Fed. 22, 83 C. C. A. 106; Machcinski v. L. V. R. R. Co. (C. C. A.) 272 Fed. 922.

Counsel for the receivers, to uphold their opposition to the asserted lien, direct attention to a decision recently rendered in the case of Flanagan v. Conners, 123 Misc. Rep. 236, 204 N. Y. Supp. 823, wherein an attorney performed services for a client before the board of aldermen of the city of New York, for which he was to receive $1,500 out of a collectible claim of $6,500, which had been forfeited by his client for failure

to perform a contract. The forfeited amount was returned, and upon refusal of the client to pay his attorney the latter sought to have a lien impressed upon the fund held by the comptroller of the city; but the court held that the attorney appearing before the aldermen did not possess a statutory lien, "as he was not the attorney of record in an action or special proceeding," nor did the contract to pay constitute an equitable assignment, since the comptroller had no express authority to pay him.

This decision, however, does not seem to me to accord with the adjudications upon which my conclusion is based, for, entirely aside from the Judiciary Law, an attorney unquestionably has a charging lien, as pointed out above, under the common law, regardless of whether he has the actual possession or custody of the fund, provided, however, the fund or judgment was recovered or created by his efforts. The fund with which we are concerned was brought into this court during the pendency of a suit in equity by the exertions of petitioners and accordingly, in my opinion, equitable considerations require the establishment of their lien in a reasonable amount and its enforcement in this action. I am unprepared at this time to hold that the entire fund should be paid over. The allowance of the claim by the receivers was before the sale of the properties under the trust mortgage, and before the excess interest was refunded by the government, and the receivers suggest in their brief that a part of the fund only should be allocated to the lien.

The amount, therefore, is reserved to the order or decree. So ordered.