CAMDEN GAS CORPORATION *v.* CAMDEN.

Opinion delivered June 29, 1931.

*Bryan, Williams, Cave & McPheeters, Crawford, Johnson, Powell, Smead & Knox, Robinson, House & Moses* and *Harry E. Meek,* for appellant.

*Haynie, Parks & Westfall* and *Gaughan, Sifford, Godwin & Gaugham,* for appellee.

HUMPHREYS, J. This suit for an injunction was brought by appellant against appellees in the circuit court of Ouachita County to restrain them from enforcing ordinance No. 303 of the city of Camden of date April 1, 1929, reducing the rate of gas to domestic consumers to 55 cents for each 1,000 cubic feet and allowing a minimum charge of $1.50 a month against each consumer regardless of the amount of gas consumed by him. It was alleged in the complaint, in substance, that said ordinance

is void, being violative of a charter contract awarded by the city of Camden by ordinance No. 215 of date April 24, 1923, to H. B. Scofield and W. J. Colegrove and later duly assigned by their assignee to appellant to furnish the inhabitants of said city gas for domestic purposes at the rate of 75 cents per 1,000 cubic feet; but that, if the passage of ordinance No. 303 was not void because inhibited by article 1, § 10 of the Constitution of the United States and article 2, § 17 of the Constitution of Arkansas prohibiting the impairment of the obligation of contracts, it is void because the rate of 55 cents per 1,000 cubic feet is unreasonable, arbitrary, confiscatory, and, in effect, the taking of its property without compensation in violation of both constitutions.

On application, a temporary restraining order was obtained preventing the enforcement of the reduced rate upon execution of a bond obligating a refund of the difference between the rate paid by the consumer under ordinance No. 215 and the rate fixed in ordinance No. 303 in case the reduced rate should be sustained by the court.

Appellant filed an answer denying *seriatim* the material allegations of the complaint.

The cause was submitted to the court upon the pleadings and testimony introduced by the respective parties, resulting in a dismissal of the complaint, a dissolution of the temporary restraining order, and the rendition of a judgment against appellants for $17,819.17 under the terms of the bond together with all costs incurred by them, from which is this appeal.

The first question arising for determination is whether ordinance No. 303, reducing the rate, is violative of the charter contract awarded appellant's predecessor. The charter contract was awarded to its predecessor by ordinance No. 215 under the power delegated to municipal corporations of this State by act No. 124 of the Acts of the General Assembly of the State of Arkansas for the year 1921, which not only accords to the municipalities of the State of Arkansas the exclusive right,

but makes it their duty "from time to time to make all reasonable rules and regulations with reference to the operation within such municipalities of any such utility and to order the performance of any duty devolving upon such public utility under its franchise or contract, if any, or under this or any other statute or law and from time to time to initiate, fix, promulgate, regulate, modify, amend, adjust, readjust, or otherwise make and determine fair and reasonable rates to be charged by all public utilities for furnishing public service within such municipalities, which rates shall be so determined and fixed by an order or ordinance, after a hearing made, either upon its own initiative or upon application of any such utility to such council or city commission."

This section of the act became a part of the charter contract, as much so as if it had been incorporated verbatim therein, under the rule adopted and announced by this court in the case of *Arkadelphia Electric Co.* v. *Arkadelphia*, 99 Ark. 178, 137 S. W. 1093, and *Lonoke* v. *Bransford*, 141 Ark. 18, 216 S. W. 38. When this section is read into the contract, the contract itself provides for a reduction of any unreasonable rate theretofore fixed by ordinance. The passage of ordinance No. 303 reducing the rate was within the reservation and right of the original or charter contract, and, on that account, did not impair the obligation of the contract. Even if the charter contract itself had not reserved the right to reduce the rate, under the rule adopted and announced by this court in the cases of *Camden* v. *Ark. Light & Power Co.*, 145 Ark. 205, 224 S. W. 444, and *Clear Creek etc.* v. *Ft. Smith Spelter Co.*, 148 Ark. 275, 230 S. W. 897, ordinance No. 303 would not have been void as impairing the obligation of a charter contract. In those cases it was ruled that the right to regulate or alter rates agreed upon between public utilities and municipalities is an inherent attribute of police power or sovereignty existing in the State, which may be exercised at any time through any State agency for the purpose of establishing just, equit-

able, and reasonable rates, and this attribute of sovereignty cannot be contracted away by the State or its agencies. Such contracts must be made in full recognition of and subject to the sovereign power, as much so as if such a reservation were written into the body of the contract. Ordinance No. 303 is not therefore void as impairing the obligation of a contract.

The next question arising is whether the reduction of the rate to 55 cents per $1,000 cubic feet in ordinance No. 303 is confiscatory in the sense of depriving appellant of a fair return upon its investment. Many elements enter into a determination of such a question. Testimony was introduced *pro* and *con* touching the original cost of the improvement, the cost of additions after the original installation of the plant, the reproduction value of the property, the depreciation thereof, the working capital, the going value, etc. The value at which the property was assessed was also shown. If we should attempt to set out the testimony of each lay and expert witness relative to the various elements entering into the reasonableness or unreasonableness of the reduced rate, and especially with reference to the reproduction value of the property, it would extend this opinion to great length without serving any useful purpose as a precedent. Suffice it to say that, after a very careful reading of all the evidence, we are of the opinion that the weight thereof sustains the following finding of the trial court, to-wit: ''The provisions of ordinance No. 303, enacted on April 1, 1929, are reasonable, fair, equitable, and in all things just to the plaintiff (appellant) and that the gas rates provided for in said ordinance No. 303 are amply sufficient to give and insure the plaintiff (appellant) a reasonable and adequate return and income on the money and property, both tangible and intangible, owned and invested by it in the city of Camden, Arkansas, and which is being used and to be used by it in furnishing and distributing gas to the gas consumers of the said city of Camden, Arkansas.'' Especially are we convinced that

the finding of the trial court upon the facts is correct in view of the rule that the burden rested upon appellant to show that the reduced rate was unreasonable. This court said in the case of *Clear Creek Oil & Gas Co.* v. *Ft. Smith Spelter Co.*, 161 Ark. 12, 255 S. W. 903, that: "On the question of the reasonableness of rates fixed by the Corporation Commission for the transportation of gas by a pipe line company, there is a *prima facie* presumption in favor of such rates." The same presumption exists in favor of rates fixed by an ordinance.

No error appearing, the judgment is affirmed.