HAYNIE *v.* CAMDEN GAS CORPORATION.

4-2807

Opinion delivered January 23, 1933.

*Haynie, Parks & Westfall* and *Gaughan, Sifford, Godwin & Gaughan,* for appellant.

McHANEY, J. This appeal is prosecuted from an order of the circuit court denying the petition of appellants for an attorney's lien under § 628, Crawford & Moses' Digest. The petition was filed in a proceeding tried in the circuit court, wherein the Camden Gas Corporation was plaintiff and the city of Camden, the mayor, and members of the city council were defendants, in which plaintiff sought to enjoin the enforcement of a city ordinance lowering gas rates in said city to domestic consumers of gas. In that case the mayor, by authority of the council, employed appellants to represent the city and the domestic consumers of gas as attorneys in that litigation. The ordinance fixing the maximum rates to be charged domestic consumers was adopted April 1, 1929. The Camden Gas Corporation refused to accept the new rates fixed by said ordinance, and brought suit attacking its validity. An injunction was issued suspending the new rates, and a bond was given by the gas corporation guaranteeing a refund of the difference to domestic consumers between the old rates and the new, in the event it was finally determined the ordinance of April 1 was valid. The ordinance was sustained. See *Camden Gas Corporation* v.

*Camden,* 184 Ark. 34, 41 S. W. (2d) 979. The result was that during the pendency of that litigation there was a fund accumulated in the hands of the Camden Gas Corporation in the sum of $17,819.17, for which amount judgment was rendered. The judgment reads: "That the defendant, city of Camden, Arkansas, do have and recover of and from the plaintiff the sum of $17,819.17 for the use and benefit of the domestic consumers of gas within the city of Camden, Arkansas."

At a mass meeting of the domestic consumers of gas, an agreement in writing was reached between appellants, and nearly all the domestic consumers, whereby appellants were allowed a fee of 20 per cent. of the money due the consumers as a refund from the gas company. However, this petition for a lien was filed. The Camden Gas Corporation is ready, willing and able to pay, but one consumer, for himself and others, filed objection to the claim of lien on the ground that appellants had no contract with the consumers, either express or implied, but their contract was with the city, and not for or on behalf of the consumers; that, if the city employed them on behalf of the consumers, its act was *ultra vires,* null and void and not binding on the consumers. It was admitted by the intervener that appellants were employed by a large number of the domestic consumers, but says said employment was a voluntary arrangement between them, which did not affect the rights of those consumers who did not employ them. The court held appellants were not entitled to a lien on the fund due interveners, and dismissed its petition.

Every act of the mayor and members of the council in the defense of the action to nullify the ordinance, including the employment of attorneys, was on the behalf and for the benefit of the domestic consumers of gas in the city of Camden. Not a single cent of benefit did accrue or could have accrued to the city of Camden, as a corporation. If the new rates fixed in the ordinance of April 1, 1929, were sustained, all the benefit therefrom would accrue to the domestic consumers. The bond given was

844

for their benefit, and the final judgment rendered was one in favor of the city "for the use and benefit of the domestic consumers of gas." The city employed counsel to defend an action, not for its benefit, but for the benefit of these consumers, with their knowledge, and, if not with their actual consent, with their implied consent. In other words, the action of the city was as the representative or agent of the consumers who stood by and, without objection, accepted the service and its beneficial result. Under such circumstances the law implies an agreement, or that the agreement made by the city in employing counsel had been ratified. In either case the domestic consumers would be liable to pay counsel for their services a reasonable fee, and, if any should refuse to do so, the court should declare a lien on the fruits of the litigation. Compare *Board of Education of Lonoke County* v. *Lonoke County*, 181 Ark. 1046, 29 S. W. (2d) 268.

The judgment will be reversed, and the cause remanded with directions to declare a lien in appellant's favor to the extent of 20 per cent. on the fund in the hands of the Camden Gas Corporation.